IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NOIRAH M., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | 4:23CV3093 <br><br><br> **ORDER REVERSING COMMISSIONER AND REMANDING CASE PURSUANT TO SENTENCE FOUR OF** 42 U.S.C. § 405(G) |

This action for judicial review of the administrative denial of social security disability insurance benefits is before the Court on the Commissioner's Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). Filing 19. The Commissioner states,

> The Commissioner requests the Court to remand this case to allow the Commissioner to conduct further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). On remand, the case will be assigned to a different administrative law judge (ALJ) [who] will offer Plaintiff the opportunity for a new hearing, take further action to complete the administrative record, and issue a new decision.

Filing 20 at 1. The Commissioner's counsel represents that he has conferred with Plaintiff's counsel regarding this Motion and that she does not oppose it. Filing 19 at 1.

Sentence four of the statutory provision states, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "Remand under sentence four terminates the court's jurisdiction, while remand under sentence six does not." *Travis v. Astrue*, 477 F.3d 1037, 1039 (8th Cir. 2007) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993)). Indeed, the Eighth Circuit Court of Appeals has explained,

1

> According to the Supreme Court, "[i]mmediate entry of judgment ... is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala*, 509 U.S. at 297, 113 S.Ct. 2625 (citing *Melkonyan [v. Sullivan]*, 501 U.S. [89,] 101–02, 111 S.Ct. 2157 [(1991)]). A substantive ruling on the merits of the case is a second factor distinguishing sentence-four from sentence-six remands. *Melkonyan*, 501 U.S. at 98, 111 S.Ct. 2157 (recognizing that in the case of sentence-six remands, "[t]he district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination"); *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (citing *Melkonyan*, 501 U.S. at 98, 111 S.Ct. 2157).

*Pottsmith v. Barnhart*, 306 F.3d 526, 528 (8th Cir. 2002). Thus, where the district court makes a ruling reversing and remanding the case for further administrative proceedings, the remand "fits squarely within the definition of a sentence-four remand." *Id.* That is the situation in this case, where the Court now reverses the Commissioner's administrative decision and remands the case to the Commissioner for further proceedings. As the statute indicates and the Commissioner requests, a separate judgment pursuant to this order is appropriate. *See* 42 U.S.C. § 405(g); *Pottsmith*, 306 F.3d at 528; Filing 20 at 3.

Upon the foregoing,

IT IS ORDERED that the Commissioner's Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Filing 19, is granted, the administrative decision of the Commissioner on the claimant's application for social security disability benefits is reversed, and this case is remanded to the Commissioner for further proceedings.

IT IS FURTHER ORDERED that a separate Judgment shall enter accordingly.

Dated this 15th day of November, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge
