IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NOIRAH M., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | 4:23CV3093 <br><br> ORDER AWARDING ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA) |

This action for judicial review of the administrative denial of social security disability insurance benefits is before the Court on plaintiff Noirah M.'s Unopposed Motion for Attorney's Fees under the Equal Access to Justice Act, Filing 23, after a "sentence four" remand to the Commissioner for further proceedings. Filing 22 (decision); Filing 23 (Judgment). Noirah M. seeks an award of attorney fees in the amount of $6,676.45 for 27.5 hours at an hourly rate of $242.78 adjusted for the increase in cost of living. Filing 23 at 8. The Commissioner filed a Response to Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act stating that the Commissioner does not object to the award in the amount requested. Filing 24.

The Equal Access to Justice Act (EAJA) is codified in part at 28 U.S.C. § 2412(d). In pertinent part, § 2412(d) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1). The Eighth Circuit Court of Appeals has explained,

1

> Although a social security claimant may be a prevailing party for purposes of the EAJA, a fee award under the EAJA is not available unless the Commissioner lacked substantial justification for her position. 28 U.S.C. § 2412(d)(1)(A). A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. *Id*. Further, a loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position. *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985). The Commissioner does, however, at all times bear the burden to prove substantial justification. *Id*.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The Supreme Court has observed that "[n]o holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993); *Pottsmith v. Barnhart*, 306 F.3d 526, 529 (8th Cir. 2002) (quoting *Schaefer*, 509 U.S. at 300). An award of attorney's fees pursuant to the EAJA "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Here, because Noirah M. obtained a remand pursuant to sentence four of § 405(g), *see* Filing 21 at 2, she is a "prevailing party" within the meaning of the EAJA. *Schaefer*, 509 U.S. at 300. By not objecting to an award of fees pursuant to the EAJA, the Commissioner concedes as much. Filing 24. Furthermore, the position of the Commissioner was not "substantially justified" as evidenced by the Commissioner's statement in its Brief in Support of Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g):

> The Commissioner requests the Court to remand this case to allow the Commissioner to conduct further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). On remand, the case will be assigned to a different administrative law judge (ALJ) will offer Plaintiff the opportunity for a new hearing, take further action to complete the administrative record, and issue a new decision.

Filing 20 at 1. Thus, by conceding the need for remand and by not objecting to the award of fees pursuant to the EAJA, the Commissioner has conceded that its position was not "substantially justified." Filing 24.

The remaining issue is the amount of the award. The Court must allow fees for hours that "reasonably and adequately account[ ] for the attorney's court-related services." *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). The Court has reviewed Noirah M's attorney's "Schedule of Hours," Filing 23 at 4–5, and finds that the hours reasonably and adequately account for her attorney's court-related services. *Stockton*, 36 F.3d at 50.[1] As to the hourly rate, "[t]he statutory rate for attorney fees for a prevailing social security claimant is '$75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Stockton*, 36 F.3d at 50 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). As Noirah M.'s attorney correctly points out, Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996. *See* 28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-126, § 232(b)(1)). While another amendment is obviously in order, in the meantime, the Court finds that the cost of living justifies a higher fee. The Court finds Noirah M.'s attorney properly relied on the Consumer Price Index and properly calculated the cost-of-living adjustment of the EAJA statutory rate to arrive as an hourly rate of $242.78. *See* Filing 23 at 9; *see also* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (showing statutory maximum hourly rate under the EAJA for

---

[1] Noirah M.'s attorney's Schedule" and brief refer to time spent to complete a "Motion for Summary Judgment and Memorandum of Law." *See, e.g.,* Filing 23 at 4 (entry for 9/8/23). There were no motions for summary judgment in this case. From the description and date indicated, however, it is apparent that the brief was in support of Plaintiff's Motion for Order Reversing the Commissioner's Decision. Filing 15.

3

2023 was $244.62). Again, the Commissioner does not dispute either the number of hours or the hourly rate claimed. *See generally* Filing 24.

Finally, the parties agree that the attorney's fees award should be made payable to Noirah M. and delivered to her counsel, but if the U.S. Treasury determines that Noirah M. does not owe a federal debt, the government will accept Noirah M.'s assignment of EAJA fees and pay them directly to her attorney. *See Astrue*, 560 U.S. at 589; Filing 23 at 10 and Filing 23-1 (assignment); Filing 24 at 1.

Accordingly, upon the foregoing,

IT IS ORDERED that plaintiff Noirah M.'s Unopposed Motion for Attorney's Fees under the Equal Access to Justice Act, Filing 23, is granted, and plaintiff Noirah M. is awarded $6,676.45 in attorney's fees pursuant to 28 U.S.C. § 2412(d).

IT IS FURTHER ORDERED that the attorney's fees award shall be made payable to Plaintiff (using her full name) and delivered to her counsel, but if the U.S. Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees in Filing 23-1 at 1 (¶ II) and pay the attorney's fees award directly to Plaintiff's attorney.

Dated this 7th day of February, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge